IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA | ) | | |
| *Plaintiff(s)* | ) Case: | 4:20-CR-210 |
| | ) | | |
| v. | ) | | |
| | ) Judge: | Kristine G. Baker |
| Joe White | ) | | |
| | ) | | |
| *Defendant(s)* | ) | | |

## DEFENDANT'S MOTION TO CONTINUE JURY TRIAL

COMES NOW, Joe White, by and through their attorney, Christopher Baker of the James Law Firm, for their Motion to Continue Jury Trial states as follows:

1. This case is currently scheduled for jury trial on May 15, 2023 at 9:30 AM.

2. Defense Counsel has verified with the Government that this motion is unopposed.

3. The Government would request that the time be excluded.

4. The time period for this delay should be excluded under 18 U.S.C. 3161(h)(7)(a). This subsection applies because an order granted here would be at the request of the Defendant. *Id.* The Defendant waives his right to a speedy trial for the duration of this continuance the additional time caused by this motion is excludable under the Speedy Trial Act.

5. To properly deconflict future scheduling, Defense Counsel would request an extension of approximately 45 days to deconflict with trials, hearings, and appearances already scheduled.

6. Defense Counsel is also aware of the importance of this Court's time and calendaring and is making his best effort to not "not obstruct orderly judicial procedure or deprive courts of their inherent power to control the administration of justice." *United States v. Vallery*, 108 F.3d 155, 157 (8th Cir. 1997). To aid the Court in its current decision, Defense Counsel is providing supplemental

information to appropriately address the necessary factors in determining a continuance. *See United States v. Cordy*, 560 F.3d 808 (8th Cir. 2009)(outlining the five relevant factors in a continuance as the nature of the case, diligence of parties, conduct of the parties, effect and disadvantage of granting the continuance, and the asserted need for the continuance.); *see also* 18 U.S.C. 3161(h)(B)(i) – (iv).

7. This case stems from the alleged possession with intent to distribute cocaine, as well as possession of ammunition by a felon. An indictment was filed on July 9, 2020. The case has been continued solely by the defense on six prior occasions. This case is not extremely complex and does not have a significant number of defendants, but Defense remains in belief that these factors do tip the scales in disfavor of this request.

8. The Government has, thus far, fully cooperated in this matter and this request for continuance is not based on their contributions or actions to this case.

9. The effect of this continuance is multi-part. The initial effect is that the overarching public interest in the prompt disposition of criminal cases is slightly extended. Next, the Court itself is then affected whenever a previously scheduled item is adjusted or moved and availability on the docket is reduced. Competing alongside these important interests, is the Defendant's right to counsel, and that counsel's ability to provide effective assistance.

10. With the prior interests in mind, Defense Counsel believes that the overall interest for all parties is most appropriately served and balanced by resetting this matter to be heard on a further date. In the present case, the Defendant and the Government have reached an agreement on a change of plea, rendering jury trial moot. Defense would be prejudiced in allowing a jury trial to move forward despite agreement between the parties to change the Defendant's plea.

11. Moreover, the request for continuance in this matter is not due to the fault of the Defendant. Here, the Defendant has not made attempts to purposefully induce delay by changing counsel or otherwise attempting to manipulate this Court's calendar. *c.f. United States v. Leavitt*, 608

F.2d. 1290, 1979 (9th Cir. 1979).  To wit, Defendant is prepared to change his plea and resolve the case.

12. Finally, the asserted need for the continuance is to allow for effective representation of Defense Counsel's clients.  Defense Counsel has brought this motion in good faith and with utmost respect to the Court's docket and continues to firmly believe that the ends of justice are most honorably respected and served if a continuance is issued in this case.

WHEREFORE, Defendant prays that this matter be continued and for all other proper relief.

Dated: June 30, 2023                                    Respectfully submitted,

<u>/s/ Christopher Baker</u>

Christopher Baker, Esq.
Arkansas Bar No. (501) 800-6877
*Attorney for Joe White*
cbaker@jamesfirm.com
James Law Firm
1001 La Harpe Blvd.
Little Rock, AR 72201
Telephone: 501-375-0900
Fax: 501-375-1356